# Myers's Appeal.

1. On the 14th of April Nell assigned for the benefit of creditors, "reserving so much property as the law exempts from levy," &c. On the 22d of April Myers recovered judgment against him on a note waiving the exemption. *Held*, that Myers had no standing to claim in the distribution of the fund assigned.

2. Waiver must be asserted by execution or attachment against the reservation.

3. By the assignment the property passed to the assignee for the purposes of the trust to be administered as directed by the deed creating it.

May 7th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Adams county :* No. 99, to May Term 1875. In the distribution of the estate of William Nell and wife under deed of assignment for the benefit of creditors to Michael B. Blauser, dated April 14th 1873. The assignment was of all their real estate, being a house and lot in Mechanicsville, and all their personal property, &c., "reserving out of said assigned property so much property as the law of this Commonwealth exempts from levy and sale on execution to the value of $300, in property personal and real, which is hereby reserved, and to be set apart and appraised in a manner provided by law, * * * and if said property cannot be so set apart, then said amount, or the residue thereof, is claimed and reserved out of the proceeds of said house and lot when sold," &c.

The inventory, &c., of the property assigned, &c., made by the appraisers appointed by the court was :—

"House and lot in Mechanicsville, subject to lien of judgment, &c. . . . . . . . . . . $315

There was also an inventory and appraisement of property reserved and retained by William Nell, under his deed of assignment, &c., viz :

A number of articles of personal property specified amounting to . . . . . . . . . $12.87

To this was added, signed by the appraisers :

" The said William Nell claims to retain under the reservation in the assignment a portion of the real estate, and we find said real estate to consist of a house and lot in Mechanicsville, Adams county, and that it cannot be divided so as to set apart any portion

of it to said William Nell, and therefore we so return, and find him entitled to $287.13, out of the proceeds when sold."

A number of exceptions to this inventory were filed by Moses Myers, a creditor of the assignor, viz. :—

That the exceptor was a creditor holding a note waiving the exemption ; that the real estate appraised passed to the assignee and should be sold and the proceeds be distributed amongst the creditors ; and that there was no law authorizing the return of the appraisers appended to the inventory.

The note of Myers was dated May 13th 1872, for $266, payable in ten months, waiving the rights of the assignor under the exemption law.   On this note judgment had been recovered April 22d 1873 for $281.02.

The exceptions were dismissed by the court for the reason that there was no application for confirmation.

The assignee filed an account April 21st 1874, charging himself with the personal property appraised $12.87, proceeds of the real estate $405, and some other items; in all $576.69.   Amongst the credits was : " Paid assignor under the exemption law" $300.

There were other items of credit; the balance for distribution was $61.28.

May 26th 1874, Myers excepted to the credit of the payment of $300 to the assignor, because there was no authority of law for its payment, &c.

The exceptions to the account were dismissed, March 27th 1875, by the court, McLean, P. J.

Myers appealed to the Supreme Court and assigned for error : dismissing the exceptions to the appraisement and to the account.

*D. McConaughy*, for appellant.

*R. G. McCreary*, for appellee.

Judgment was entered in the Supreme Court, May 17th 1875,

PER CURIAM.—The appellant's claim is not upon the fund assigned, and for distribution, and he therefore has no standing in this proceeding.   The assignor reserved his exemption of $300 under the Act of 1849.   The appellant's claim on the ground of a special waiver of exemption must be asserted in the usual way by exemption or attachment against the reservation—that is, the goods or money set apart under the assignment, and not passing into the fund.   By the assignment the property of the assignor passed to the assignee for the purposes of the trust, and of course was not subject to exemption.   The assignee must administer his trust according to the deed creating it; leaving creditors who claim special privileges against the debtor to assert their claims in a way to reach that only which the debtor reserved to himself.

Decree affirmed with costs and appeal dismissed.